## No. 6200.

### HENRY C. BRIDGE vs. JOHN S. ENNIS.

There was no cause for suing out the attachment in this instance. The evidence wholly fails to sustain the allegation that defendant was about to convert his property into money or evidence of debt to defraud his creditors. Defendant is entitled to the damages he claims.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough, J. Reeve & Lewis*, for defendant and appellee. *Labatt, Aroni & Clinton*, for plaintiff and appellant.

WYLY, J. Plaintiff sued the defendant for $984; and, alleging that defendant was about to convert his property into money or evidence of debt with intent to place it beyond the reach of his creditors. he attached the following property belonging to defendant: Five bales of cotton in the seed, one horse, two mules.

Defendant moved to dissolve the attachment with damages on the ground that the bond was insufficient in amount and the allegation to obtain the attachment was untrue. The court dissolved the attachment without damages, and plaintiff appeals.

Defendant, joining in the appeal, prays an amendment of the judgment so as to allow him fifty dollars damages for attorney's fee.

It appears plaintiff had furnished defendant supplies for his crop, and had paid some small debts for him. Defendant, of the first ginning, had five bales of cotton. Four of these he turned over to plaintiff; he sold one, and with the proceeds he paid his taxes and bought a stove. The remainder of his crop had not been ginned, and defendant was on the place pursuing his usual business. There was no cause for suing out the attachment.

The evidence wholly fails to sustain the allegation that defendant was

about to convert his property into money or evidence of debt with a view to defraud his creditors. Defendant is entitled to the damages he claims.

It is therefore ordered that the judgment dissolving the injunction be amended so as to condemn plaintiff to pay defendant fifty dollars special damages as attorney's fees, and, as amended, that the judgment be affirmed with costs.